## GAUGHAN v. UNITED BEN. LIFE INS. CO.

No. 2421.

Circuit Court of Appeals, Tenth Circuit.

May 18, 1942.

Stuart T. McAlister, of Parsons, Kan. (Harry W. Fisher, of Fort Scott, Kan., on the brief), for appellant.

Douglas. Hudson, of Fort Scott, Kan. (Robert C. Foulston, George Siefkin, Samuel E. Bartlett, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris, and John F. Eberhardt, all of Wichita, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

John M. Gaughan sued United Benefit Life Insurance Company to recover on a policy of insurance alleged to have been issued on the life of Thomas M. Gaughan, father of plaintiff. The cause was tried to the court, defendant prevailed, and plaintiff appealed.

I. V. Ewing was the managing-branch-agent of the company. His contract of agency provided that the company should allow him certain commissions on first year premiums and on renewal premiums; that he should collect full first year premiums in cash; that he had no authority to extend the time of payment of premiums or to waive or extend any obligation or condition or incur any liability on behalf of the company; that he should remit promptly to the company all premiums as and when collected but should have the right of deduction therefrom in case of first year premiums; and that no contract made by him should be binding on the company unless it was reduced to writing and the approval of the president, secretary, or treas-

urer of the company was endorsed on it. Thomas M. Gaughan, hereinafter called the applicant, made written application to the company, through Ewing as agent, for insurance on his life in the total amount of $45,000, consisting of three policies for $10,000 each and one for $15,000. At the same time the applicant delivered to the agent a check for $100, payable to the agent, to be applied toward the premiums on the policies being sought. The applicant and the agent treated the check as a deposit toward the first quarterly payment on the policy of $15,000. The agent endorsed the check and deposited the proceeds in his personal bank account. The application was forwarded to the company; and, after some intervening investigation and correspondence, the company transmitted to the agent the policy for $15,000 and advised him that it declined to issue the other policies. Taking the policy with him, the agent called on the applicant. They observed on examination that in the body of the policy the amount of insurance was stated as $15,000, while the descriptive endorsement on the back of it erroneously recited $1,500. They thereupon mutually agreed that the policy should be returned to the home office of the company for correction so as to show throughout the amount of insurance to be $15,000, and the agent returned it for that purpose. The correction was made and the policy again mailed to the agent, but the applicant died of a gunshot wound on the preceding day, and the agent returned the policy to the company.

The application recited that the premiums should be payable quarterly, and that each quarterly premium should be $140.25. The receipt given for the $100 recited that the applicant had applied for insurance in the amount of $45,000, bore the notation "Bal. 310.75" across its face, and recited that there should be no liability thereunder until a policy should be issued and delivered to the applicant and the first premium thereon actually paid during his lifetime; and the policy provided that the consideration for it was the application and the quarterly premium of $140.25, and that no obligation was assumed on such policy until the first premium had been actually paid during the lifetime of the insured. Payment in full of the first quarterly premium thus was made a condition precedent to the insurance contract becoming complete and enforceable. That prerequisite

was never met and performed and therefore the company incurred no binding obligation as insurer. West v. Metropolitan Life Ins. Co., 144 Kan. 444, 61 P.2d 918; Nixon v. Manhattan Mut. Life Ins. Co. of Manhattan, Kan., 153 Kan. 39, 109 P.2d 150.

The insurmountable obstacle in the way of recovery on the policy just reviewed is decisive of the case and eliminates need to consider the several other questions presented.

The judgment is affirmed.